991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert G. VINSON, Plaintiff-Appellant,
v.
CITY OF WICHITA, Defendant-Appellee.
 No. 92-3216.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1993.
 
 ORDER AND JUDGMENT**
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff commenced an action alleging age discrimination in employment pursuant to 29 U.S.C. §§ 621-634, retaliation in violation of 42 U.S.C. § 1983, conspiracy pursuant to 42 U.S.C. §§ 1985(3) and 1986, and pendent state law claims. The district court granted defendant's motion for summary judgment. With respect to the § 1983 claim, the district court determined that plaintiff did not support his claim with proof of a "causal link between the alleged constitutional violation and an identifiable official policy or custom." Aplt.App. at 152-53. The district court rejected any claim of age discrimination prior to plaintiff's alleged forced retirement as not brought within the statute of limitations, and any claim of age discrimination due to the retirement as lacking a connection with age. Id. at 153. The district court held there could be no conspiracy since the corporate defendant could not conspire with its employees. Id. at 154. Finally, the district court dismissed the pendent claims without prejudice. Id. at 154-55.
 
 
 3
 On appeal, plaintiff argues 1) the district court erred in ruling there was no factual basis supporting a causal link between the alleged unconstitutional violation and any identifiable policy or custom of defendant to support a § 1983 claim; 2) the district court erred in ruling there was no factual basis for any retaliation claim based on age discrimination occurring within the statute of limitations; 3) the district court erred in ruling that a claim of conspiracy of defendant's employees to deprive plaintiff of his constitutional rights cannot be maintained under §§ 1985(3) and 1986; and 4) the district court erred in dismissing the pendent claims.
 
 
 4
 After reviewing the briefs, appendices, and relevant case law, we affirm for substantially the reasons stated by the district court in its memorandum and order filed May 29, 1992. Aplt.App. at 148. We do, however, make one additional comment with regard to plaintiff's claim of retaliation. There is an inference of retaliation only if the retaliatory action is taken a short time after an employee engages in a protected activity. See Burrus v. United Tel. Co. of Kan., Inc., 683 F.2d 339, 343 (10th Cir.) (because termination occurred nearly three years after filing of discrimination charges, plaintiff did not establish a prima facie case of retaliation), cert. denied, 459 U.S. 1071 (1982). Because the alleged retaliatory action of forced retirement in 1988 took place several years after the alleged protected speech activities in 1981, there is no justification for an inference of retaliation.
 
 
 5
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3